UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 99-4740

BARRY ANTWOINE ROBINSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-198)

Submitted: May 10, 2000

Decided: May 23, 2000

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter Thaniel Johnson, Jr., Juanita Boger Allen, Greensboro, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
L. Patrick Auld, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barry Antwoine Robinson appeals the seventy-eight-month sentence he received after he pled guilty to possession of one ounce of cocaine base (crack) in violation of 21 U.S.C.A.§ 844(a) (West 1999). He contends that the district court clearly erred in finding that he possessed a firearm during the offense and making a two-level enhancement. See U.S. Sentencing Guidelines Manual §§ 2D2.1(b)(1), 2D1.1(b)(1) (1998). We affirm.

Robinson was arrested in his co-defendant's apartment while in the act of flushing crack down the toilet. The presentence report recommended an enhancement under § 2D1.1(b)(1)* based on information that Robinson's papers and clothes were found in one of the bedrooms with two firearms (a 9 mm pistol and a .380 caliber pistol) and 400.6 grams of crack. Robinson's co-defendant told investigators that one of the firearms belonged to Robinson and that Robinson lived at the apartment. Additional firearms were found elsewhere in the apartment. At his sentencing hearing, Robinson contested the enhancement, but did not present any evidence to contradict the information in the presentence report. Therefore, the district court was free to adopt the findings in the presentence report without further inquiry. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). The proximity of guns to illegal drugs is enough to support the enhancement. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). Accordingly, the court did not clearly err in making the enhancement. While Robinson suggests that the enhancement resulted from prosecutorial misconduct, he did not make that claim at sentencing and no evidence supports it.

_____

*The guideline applicable to simple possession of a controlled substance is § 2D2.1; a cross reference to § 2D1.1 applies if, as in this case, the defendant is convicted of possessing more than 5 grams of crack. See USSG § 2D2.1(b)(1).

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3